J-S56043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMILCAR RIVAS-RIVERA, | : | |
| | : | |
| Appellant | : | No. 434 MDA 2018 |

Appeal from the PCRA Order February 16, 2018
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000099-2012,
CP-36-CR-0000100-2012, CP-36-CR-0000101-2012,
CP-36-CR-0000102-2012, CP-36-CR-0000108-2012,
CP-36-CR-0000120-2012

BEFORE: GANTMAN, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:            **FILED DECEMBER 03, 2018**

Amilcar Rivas-Rivera ("Rivas-Rivera"), *pro se*, appeals from the Order dismissing his third Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On February 6, 2013, Rivas-Rivera entered an open guilty plea to 54 felony charges related to a spree of burglaries in September and October of 2011. The trial court sentenced Rivas-Rivera to an aggregate prison term of 15 to 30 years. Rivas-Rivera filed a timely Motion to Modify, which was denied on February 26, 2013. Rivas-Rivera did not file an appeal.

Rivas-Rivera thereafter timely filed a PCRA Petition, which was denied. This Court affirmed the denial, and our Supreme Court denied allowance of appeal. **See Commonwealth v. Rivas-Rivera**, 12 A.3d 1138 (Pa. Super.

2015), ***appeal denied***, 130 A.3d 1289 (Pa. 2015).  Rivas-Rivera filed a second PCRA Petition, which was dismissed as untimely filed.  This Court affirmed the dismissal, our Supreme Court denied allowance of appeal, and the Supreme Court of the United States denied *certiorari*.  ***See Commonwealth v. Rivas-Rivera***, 161 A.3d 382 (Pa. Super. 2017) (unpublished memorandum), ***appeal denied***, 181 A.3d 283 (Pa. 2018), ***cert. denied***, ***Rivas-Rivera v. Pennsylvania***, 2018 WL 3744485 (2018).

Rivas-Rivera filed the instant PCRA Petition on December 5, 2017. Subsequently, the PCRA court issued a Pa.R.Crim.P. 907 Notice.  On February 16, 2018, the PCRA court dismissed Rivas-Rivera's third Petition as untimely.[1] Rivas-Rivera filed a timely Notice of Appeal, and a Pa.R.A.P. 1925(b) Concise Statement.

On appeal, Rivas-Rivera raises the following questions for our review:

1. Whether an illegal sentence in the context of time credit is a patent and obvious error?

2. Whether the [PCRA] court retains jurisdiction to correct a patent and obvious error that it has made specifically in the context of time credit, [notwithstanding] any jurisdictional requirements?

_____

[1] We note that Rivas-Rivera's appeal from the dismissal of his second PCRA Petition was pending at the time he filed the instant Petition.  However, the PCRA court did not decide Rivas-Rivera's current PCRA Petition until our Supreme Court denied allowance of appeal on Rivas-Rivera's second PCRA Petition. ***See Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000) (noting that "an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review.").  Thus, we will address Rivas-Rivera's current Petition.

3. Whether 42 Pa.C.S.A. § 5505 or the PCRA time requirement impinge [on] the [PCRA] [court's] inherent power to correct a [patent] and obvious error in the context of time credit?

4. Whether the [PCRA] court abused its discretion when it dismissed [Rivas-Rivera's] third PCRA Petition as untimely and meritless [] despite [] its power to correct a [patent] and obvious error in the context of time credit?

5. Because [Rivas-Rivera] met the [sixty-day] requirement found in 42 Pa.C.S.A. § 9545(2) and one of the three timeliness exceptions outlined in 42 Pa.C.S.A. § 9545, did the [PCRA] court commit legal error when deciding that [Rivas-Rivera] did not invoke [any] of the 42 Pa.C.S.A. § 9545 requirements[,] including the [sixty-day] requirement?

6. Because 61 Pa.C.S.A. § 4503's list that disqualifies offenses which include[] both violent and not potentially non-violent crimes does not include burglary, did the trial court [have] the authority to deny [Rivas-Rivera's] RRRI?

Brief for Appellant at 4 (capitalization and numbering corrected).

"On appeal from the [dismissal] of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." **Commonwealth v. Nero**, 58 A.3d 802, 805 (Pa. Super. 2012) (citation omitted).

Initially, under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id.** § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not

address the merits of the issues raised if the PCRA petition was not timely filed. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Rivas-Rivera did not file an appeal following the denial of his Motion to Modify. Thus, his judgment of sentence became final on March 28, 2013, after the 30-day period to appeal to this Court had expired. ***See*** Pa.R.A.P. 903(a). Thus, Rivas-Rivera's instant Petition, filed on December 5, 2017, is patently untimely.

However, Pennsylvania courts may consider an untimely petition where the petitioner pleads and proves one of the three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." ***Id.*** § 9545(b)(2); ***see also Albrecht***, 994 A.2d at 1094.

Here, Rivas-Rivera does not properly invoke any of the three exceptions

at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).[2]   Because Rivas-Rivera did not successfully invoke any of the three exceptions necessary to circumvent the PCRA's timeliness requirement, we lack jurisdiction to address the merits of his claims on appeal.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/03/2018

_____

[2] We note that Rivas-Rivera attempts to invoke the newly-discovered fact exception, relying upon **Commonwealth v. Cullen-Doyle**, 164 A.3d 1239, 1244 (Pa. 2017) (stating that a single first-degree burglary conviction was insufficient to evidence a history of present or past violent behavior such that the defendant was ineligible for RRRI).  However, judicial decisions do not trigger the newly discovered facts exception. **See Commonwealth v. Watts**, 23 A.3d 980 (Pa. 2011) (holding that "decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA.").  Further, Rivas-Rivera filed the instant Petition on December 5, 2017, well over 60 days after July 20, 2017, the date that **Cullen-Doyle** was decided.  **See Commonwealth v. Boyd**, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that "the sixty-day period [under section 9545(b)(2)] begins to run upon the date of the underlying judicial decision.").  Moreover, there must be jurisdiction to invoke a legality of sentence claim*.* **See Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014) (noting that "a legality [of sentence] claim may [] be lost should it be raised ... in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim.").